UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OPTER JOHNSON,

    Plaintiff,

    v.

SALVADOR GODINEZ, et al.,

    Defendants.

No. 14 C 240
Judge James B. Zagel

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Summary Judgment. For the following reasons, Defendants' Motion is granted.

**I. BACKGROUND**

Plaintiff Opter Johnson, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. At all relevant times, Plaintiff was an inmate at the Northern Reception and Classification Center ("NRC") in Will County, Illinois. Plaintiff contends that the six Defendants—all of whom are current or prior Illinois Department of Corrections ("IDOC") officials—violated the Eighth Amendment's prohibition on cruel and unusual punishment when the NRC's hot water went out for approximately two months, which resulted in Plaintiff taking ice cold showers during that time. At the time of the events giving rise to this action, Defendant Salvador Godinez was the Director of IDOC; Defendants Marcus Hardy and Michael Lemke were each formerly the Warden of Stateville Correctional Center and the NRC; Defendants Jerry Lyte and Nikki Robinson were Assistant Wardens at the NRC; and Defendant Tracy Engleson was the Superintendent of the NRC.

1

Plaintiff entered the NRC on December 3, 2012, and was transferred to another facility on or around September 25, 2013. Throughout this ten-month period, Plaintiff was authorized a five-minute shower once per week. Sometime in July of 2013, the hot water at the NRC went out. Consequently, Plaintiff was given the option of either taking a cold shower or having no shower at all. Plaintiff chose to take ice cold showers on a weekly basis until his departure from the facility in September.

Plaintiff submitted a grievance communicating this problem to NRC staff on July 2, 2013. On July 15, 2013, a counselor notified Plaintiff that a work order had been submitted to correct the problem. Although it is not clear from the record exactly when hot water was restored to the NRC, it occurred sometime before October 17, 2013. According to Plaintiff, the showers were contaminated with black mold, the spores of which Plaintiff was forced to breathe while showering. In addition, Plaintiff alleged that the showers were being used by over 150 inmates on a weekly basis and yet were often cleaned only bi-weekly, and sometimes only once a month. Plaintiff alleged that he spoke to Defendants Lyte, Robinson, and Engleson on three different occasions about these issues but was disregarded. Plaintiff alleges that these cold showers, coupled with the fact that the showers were not cleaned adequately or consistently, led to several medical problems including Methicillin-resistant Staphylococcus Aureus ("MRSA"), numerous flu-like symptoms, and a foot infection which caused his skin to itch and flake.

## II. LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248,

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To determine whether any genuine fact issue exists, the court must assess the proof as presented in the record, including depositions, answers to interrogatories, admissions, and affidavits, to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Fed. R. Civ. P. 56(c); *Scott v. Harris,* 550 U.S. 372, 378 (2007). The court may not weigh conflicting evidence or make credibility determinations. *Omnicare, Inc. v. UnitedHealth Grp., Inc.,* 629 F.3d 697, 704 (7th Cir. 2011). If a claim or defense is factually unsupported, the court should dispose of it at the summary judgment stage. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. In response, the non-moving party cannot rest on bare pleadings but must designate specific material facts showing there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548; *Insolia v. Philip Morris Inc.,* 216 F.3d 596, 598 (7th Cir.2000).

### III. DISCUSSION

Determining whether an inmate's constitutional rights have been violated requires a "fact-intensive inquiry under constitutional standards." *Gillis v. Litscher*, 468 F.3d 488, 492 (7th Cir. 2006) (internal citations omitted). Where, as here, the pain inflicted on an inmate is not formally apportioned as "punishment" by either statute or the sentencing judge, the plaintiff must satisfy a two-prong test. *Wilson v. Seiter,* 501 U.S. 294, 298, 300 (1991). First, the conditions must be objectively so serious as to be considered cruel and unusual, and second, the defendants must have acted with deliberate indifference toward the plaintiff. *Wilson v. Seiter,* 501 U.S. at 298. For the reasons set forth below, Plaintiff has failed to establish both of these prongs.

**A. Shower Conditions**

The state has an obligation to provide its inmates with a "healthy, habitable environment." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (internal citations omitted). At a minimum, this involves providing prisoners with the "minimal civilized measure[s] of life's necessities", which includes showers. *Halmon v. Greer*, No. 14 C 3607, 2015 WL 2357632, at *2 (N.D. Ill. May 14, 2015) (citing *Gordon v. Sheahan*, No. 96 C 1784, 1997 WL 136699, at *7 (N.D.Ill. Mar. 24, 1997)). However, a temporary deprivation of some necessities is not an automatic Eighth Amendment violation. *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (holding that the denial of hygiene items for ten days did not constitute an Eighth Amendment violation); *Dye v. Lomen*, 40 F. App'x 993, 996 (7th Cir. 2002) (holding that the denial of toilet paper for several days did not violate the Eighth Amendment). Instead, the deprivation must be intolerable to the point that it does not align with "the evolving standards of decency that mark the progress of a maturing society." *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). Under some circumstances, cold showers over a prolonged period of time could become an Eighth Amendment violation. *See Halmon v. Greer*, No. 14 C 3607, 2015 WL 2357632, at *2. But, "[o]cassional cold showers due to plumbing problems are not a constitutional violation". *Tapia v. Sheahan*, No. 97 C 5737, 1998 WL 919709, at *5 (N.D. Ill. Dec. 30, 1998) (citing *Williams v. DeTella*, No. 95 C 6498, 1997 WL 603884) (N.D. Ill. 1997)).

Plaintiff cites a number of cases that find potential Eighth Amendment violations related to cold temperatures in prisons but those cases involve materially different circumstances than those in Plaintiff's allegations. *E.g. Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (concerning prolonged exposure to a cell so cold that ice formed on the walls); *Chandler v. Baird*, 926 F.2d 1057, 1065-66 (11th Cir. 1991) (cold cell); *Gaston v. Coughlin* 249 F.3d 156

(2nd Cir. 2001) (same); *French v. Owens*, 777 F.2d 1252, 1255 (7th Cir. 1985) (noting a number of deplorable living conditions including, *inter alia*, a lack of hot water in the cells). In each of those cases, the length of the exposure was considered important in making the determination that an Eighth Amendment violation had occurred. *See also Gibson v. Paquin*, 590 F. App'x 635, 636 (7th Cir.), *cert. denied*, 135 S. Ct. 2389 (2015) ("Harm from prolonged exposure to severe cold in a prison may state an Eighth Amendment violation.").

In this case, however, Plaintiff does not complain of prolonged exposure to a cold environment. Instead, Plaintiff took approximately eight showers that lasted approximately five minutes each. Plaintiff was also not forced to take the cold showers and was able to clean himself in his cell. Although the showers were unpleasant, the Eighth Amendment does not protect against modest, temporary erosions of prisoner comfort. *See Rhodes v. Chapman*, 101 S. Ct. 2393, 2400 (1981) (holding that "the Constitution does not mandate comfortable prisons"). In light of the fact that Eighth Amendment violations for exposure to cold environments have generally been found only where the exposure was of a significant duration, the comparatively brief deprivation of hot showers at issue here was not repugnant to "the evolving standards of decency that mark the progress of a maturing society", and was therefore not unconstitutional. *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988).

For similar reasons, the fact that the showers were cleaned infrequently does not rise to the level of an Eighth Amendment violation. There is not an "excessive risk to inmate health or safety" in cleaning showers somewhere between once every two weeks and once every month. *Cf. Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (holding that no Eighth Amendment violation existed where the plaintiff alleged he had to shower in standing water with an open wound on one toe). Granted, Plaintiff may have

5

needed to take additional precautions to limit contact with the shower floor to prevent the injury he alleges was sustained from it, but "such needed precautions do not ignite a constitutional claim." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Consequently, neither the cold showers nor the condition of the showering facilities rise to the level of an Eighth Amendment violation.

**B. Defendants' State of Mind**

To satisfy the second prong of the test articulated by *Wilson v. Seiter*, Defendants must have acted with deliberate indifference. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Deliberate indifference is determined by "looking into [the defendants'] subjective state of mind" with regard to the conduct. *Petties v. Carter*, No. 14-2674, 2016 WL 4631679, at *3 (7th Cir. Aug. 23, 2016) (citing *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996)). "A plaintiff must provide evidence that an official (1) *actually* knew of and (2) disregarded a (3) substantial risk of harm." *Id.* Even objective recklessness is insufficient to make out a claim of deliberate indifference—instead, the defendant must have *actual* knowledge of an unjustifiably high risk to the inmate. *Id*.

The record indicates that the lack of hot water was simply a plumbing problem. A work order was submitted on or around July 15th, 2013, meaning that an attempt was being made to rectify the problem within approximately 15 days from when Plaintiff alleged that the hot water first went out. Thus, Plaintiff's allegations fail the second prong of the test for deliberate indifference: although it is evident that Defendants knew of the problem, they were actively engaged in correcting it, not disregarding it. The fact the problem took some weeks to rectify does not, standing alone, lead to the inference that Defendants were acting with deliberate indifference.

Plaintiff has also not demonstrated deliberate indifference with respect to the sanitation conditions of the shower facilities. To constitute deliberate indifference, the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm that was easily preventable. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). On the record in this case, it is not clear that Defendants actually knew of an impending harm, nor that a failure to clean the showers more frequently was so dangerous that a substantial risk could be inferred.

Moreover, the record provides no causal nexus between Plaintiff's alleged injuries and the shower conditions. Plaintiff's complaint puts forth a number of potential causes of his flu-like symptoms other than the cold showers, including overcrowding, insufficient cleaning supplies, the presence of disease-carrying insects, and dirty food trays. These other aspects of his environment could have been responsible for the itchy skin that Plaintiff complained of and nothing in the record sufficiently ties his symptoms to either the cold showers or the conditions of the shower facilities. There is also evidence that Plaintiff was diagnosed with MRSA prior to the hot water going out, which forecloses the possibility that the lack of hot water directly or proximately caused Plaintiff's MRSA. Although it may be possible that the conditions of the facility were responsible for Plaintiff's MRSA, the record does not provide any evidence that this is the case.

Because the above analysis disposes of the case, I find it unnecessary to address Defendants' remaining arguments.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: October 17, 2016